WESTERN UNION TEL. Co. *v.* BROWN and others.

*(Circuit Court, E. D. Missouri, E. D.*   October 8, 1887.)

1. REMOVAL OF CAUSES—SINGLE CONTROVERSY.
   Where, in an action on a bond against several defendants, one of them be-ing the principal obligor, and the others his sureties, the only relief sought is a money judgment against all the defendants, there is, for the purpose of removal, but a single controversy in the case.

2. SAME—CITIZENSHIP.
   In cases involving but a single controversy, where the jurisdiction of the court depends only upon the citizenship of the parties, the right of removal is governed solely by the second clause of the second section of the act of congress of March 3, 1887, and can be exercised only by non-resident defend-ants.

3. SAME—WHO MAY EXERCISE RIGHT OF.
   The third clause of the second section of the act of congress of March 3, 1887, relating to removal of causes, like the second clause of the second section of the act of March 3, 1875, governs that class of cases only where there are two or more controversies involved in the same suit, one of which is wholly between citizens of different states; and under the act of 1887 the right of removal in the cases last mentioned is limited to one or more of the defendants actually interested in such separable controversy, and does not extend to the plaintiffs therein.

On Motion to Remand.

On the eleventh day of May, 1887, plaintiff filed suit in the circuit court, city of St. Louis, Missouri, against Edgar H. Brown as principal, and the several other defendants as sureties, on a penal bond conditioned for the proper performance by said Brown of his duties as manager of the St. Louis office of the plaintiff company; alleging breaches of said bond, and praying judgment for $10,000, the penalty of the bond.   The suit was returnable to the June term of said state court.   The sheriff's return showed personal service on defendants Wells, Milford, and Eaton, and that the other defendants were not found in the city of St. Louis. At the return-term of the writ, and within the time prescribed by law for the defendants to plead, the three defendants who had been served filed their petition for removal of the cause to the United States circuit court for the Eastern division of the Eastern judicial district of Missouri; in which petition they alleged "that the plaintiff is, and at the institu-tion of this suit was, a citizen of the state of New York, and that these defendants then were and now are citizens of the state of Missouri, and residents of the Eastern division of the Eastern judicial district of Mis-souri; that the matter in dispute in said suit, exclusive of interest and costs, exceeds the sum of $2,000; that the matter in dispute or in con-troversy is wholly between citizens of different states, and can be fully determined as between them; that these defendants are actually inter-ested in such controversy."   The petition concluded with the tender of a bond, and a prayer for an order of removal to the United States circuit court.   Bond was filed, as provided by law, and the order of removal granted.   On the first day of the next term of the United States court, September 19, 1887, the transcript of the cause was filed.   On Septem-

ber 23, 1887, plaintiff filed its motion to remand the cause to the state court, alleging the following grounds:

"(1) The cause was improperly removed. (2) This court has no jurisdiction of the cause. (3) It appearing from the record and pleadings that all of the defendants, to-wit, three, who procured the removal, are residents of the state of Missouri and of the Eastern district thereof, no ground for removal was shown. (4) The cause is not removable to this court on the case stated in the petition for removal, or on the pleadings and record, either or both. (5) Under the amended act of congress of March 3, 1887, the above-named defendants, being residents of the district, could not remove the cause. (6) The cause was not removable under any law of the United States. (7) The laws of the United States relating to the removal of causes were not complied with in this case."

*Charles Claflin Allen,* for plaintiff.

*William R. Walker, W. B. Thompson,* and *A. M. Gardner,* for defendants.

BREWER. J.    In this case a motion to remand has been filed. The question presented is one of interest and importance, involving, as it does, the construction of the removal act of March, 1887. The motion is rested upon this proposition: that in a case in which there is but a single controversy, and in which removal is sought on the ground of citizenship alone, the right of removal is restricted to non-resident defendants. That there is but a single controversy in the case at bar is, under recent rulings of the supreme court, not open to question. The action is on a bond,—one defendant being principal; the others, sureties. The only relief sought is a money judgment against all the defendants.

In *Ayres* v. *Wiswall,* 112 U. S. 187, 5 Sup. Ct. Rep. 90, which was an action to foreclose a mortgage, it was said by the court that—

"The fact that separate answers were filed, which raised separate issues in defending against the one cause of action, does not create separate controversies, within the meaning of the term as used in the statute. They simply present different questions, to be settled in determining the rights of the parties in respect to the one cause of action for which the suit was brought."

In *Railroad Co.* v. *Ide,* 114 U. S. 52, 5 Sup. Ct. Rep. 735, it was decided that the filing of separate answers, tendering separate issues for trial by several defendants, jointly sued in a state court on a joint cause of action, does not divide the suit into separate controversies so as to make it removable into the circuit court of the United States under the last clause of section 2, act of March 3, 1875. And in the succeeding case of *Putnam* v. *Ingraham,* 5 Sup. Ct. Rep. 746, it was ruled that the fact that one of the defendants did not answer, but was in default, was unimportant, and that the default placed the parties in no different position, with reference to a removal, than they would have occupied if that one had answered, and set up an entirely different defense from that of the other defendants. And in a still later case, of *Pirie* v. *Tvedt,* 115 U. S. 41, 5 Sup. Ct. Rep. 1034, 1161, the same rule was applied in an action of tort. See, also, *Sloane* v. *Anderson,* 117 U. S. 275, 6 Sup. Ct. Rep. 730, and

*Insurance Co.* v. *Huntington*, 117 U. S. 280, 6 Sup. Ct. Rep. 733. These cases put the question at rest and settle that there are not separate controversies, but a single cause of action.

We must now turn to the removal acts of 1875 and 1887. In the second section of the act of 1875 are to be found two clauses, which have received frequent consideration in the supreme court. That section reads as follows:

"Sec. 2. That any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States shall be plaintiff or petitioner, or in which there shall be a controversy between citizens of different states, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens, or subjects, either party may remove said suit into the circuit court of the United States for the proper district. And when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

Section 2 of the act of 1887 contains three clauses; the matter contained in the first clause of the act of 1875 being in this later section divided into two clauses. This section reads as follows:

"Sec. 2. That any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state. And when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

The first clause in the act of 1875 refers to cases in which there is a single controversy, and, as we think will appear clearly from the authorities we shall cite, the last clause has been considered to refer solely to cases in which there are two or more controversies. Under the act of 1875, either plaintiff or defendant might remove; under that of 1887, clearly the plaintiff has no right of removal. The two clauses in the act of 1887 which apply to cases in which there is but a single controversy make this distinction. If the case is one in which there is a federal question, or, as the language of the statute is, "a suit arising under the constitution or laws of the United States, or treaties made, or which shall be made, un-

der their authority," then the defendant or defendants, no matter where they reside, may remove. In other words, in cases in which a federal question exists, this clause contemplates that a defendant may always invoke the jurisdiction of the federal courts, and have that federal question determined by those courts. But if there be no federal question in the case, if removal is sought on the ground of citizenship alone, then the removal can be had, in the language of the second clause, only by "the defendant or defendants therein being non-residents of that state." In other words, a resident defendant cannot remove simply on the ground of citizenship. The subdivision of this matter into two clauses, and the language used, make it obvious that that was the intent of congress.

The second clause of the act of 1875 and the third clause of the act of 1887 are alike, except that the word "plaintiffs" in the former is omitted in the latter. So far, therefore, as the scope of that clause has been determined by the rulings of the supreme court prior to the act of 1887, it is decisive upon the construction of the clause as it now stands; for, when the court has placed a certain construction upon language, the use of the same language in a subsequent act implies that congress intends that which has been already determined is its meaning. Now, that the last clause of the act of 1875 was applicable only to causes in which were two or more controversies will be apparent from a review of the decisions.

*The Removal Cases,* 100 U. S. 457, involve simply a construction of the first clause, and no attempt was made to construe the second; but in *Barney* v. *Latham,* 103 U. S. 205, the second clause was construed. The opinion of Mr. Justice HARLAN is very full and satisfactory, tracing the history of the legislation in respect thereto. He notices the act of 1866 which provided for the removal of a part of a case, and, after quoting the section of that act, uses this language:

"This provision is explicit, and leaves no room to doubt what congress intended to accomplish. It proceeds plainly upon the ground, among others, that a suit may, under correct pleading, embrace several controversies, one of which may be between the plaintiff and that defendant who is a citizen of a state other than that in which the suit is brought; that to the final determination of such separate controversy the other defendants may not be indispensable parties; that in such a case, although one citizen of another state, under the particular mode of pleading adopted by the plaintiffs, is made a co-defendant with one whose citizenship is the same as the plaintiffs', he should not, as to his separable controversy, be required to remain in the state court, and surrender his constitutional right to invoke the jurisdiction of the federal court, but that, at his election, at any time before the trial or final hearing, the cause, so far as it concerns him, might be removed into the federal court, leaving the plaintiff, if he so desires, to proceed in the state court against the other defendant or defendants."

Then, passing the act of 1867, he notices the second clause of the act of 1875; and after pointing out the distinction between the two, in that the act of 1875 contemplates the removal of the entire cause instead of a separable controversy, he adds:

"Both acts alike recognized the fact that a suit might, consistently with the rules of pleading, embrace several distinct controversies; but while the

act of 1866 in express terms authorized the removal only of the separable controversy between the plaintiff and the defendant or defendants seeking such removal, leaving the remainder of the suit at the election of the plaintiff in the state court, the act of 1875 provided in that class of cases for the removal of the entire suit."

The matter is further discussed by him, but the whole discussion simply emphasizes this distinction, and leaves the irresistible conclusion that the court construed this last clause as applicable only to cases in which there were two or more controversies, so that there might be, as they phrase it, a separable controversy.

Following this case comes that of *Hyde* v. *Ruble,* 104 U. S. 407, in which, referring to this second clause, the court say:

"To entitle a party to removal under this clause, there must exist in the suit a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those on the other."

—Language which would be clearly inapt if there was but a single cause of action.

In *Corbin* v. *Van Brunt,* 105 U. S. 576, the court uses this language:

"In no just sense can it be said that the pleadings present separate controversies, such as admit of separate and distinct trials. If they do not, there could be no removal under the second clause of the act of March 3, 1875, any more than under the first."

So, also, in *Fraser* v. *Jennison,* 106 U. S. 191, 1 Sup. Ct. Rep. 171, we find this language:

"To entitle a party to a removal under the second clause of the second section of the act, there must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other. To say the least, the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side and citizens of other states on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun."

Similar language may be found in subsequent cases.

It is impossible to avoid the conclusion from these authorities that the supreme court has placed upon this second clause this construction: that it applies solely to causes in which there are two or more controversies. And, indeed, this is but the natural and reasonable construction, for the first clause is broad enough and full enough to cover every case in which there is but a single controversy; and that the two clauses were intended to apply to different cases is evident from the fact that a different provision in respect to removal is found in them. Under the first clause *all* the defendants or *all* the plaintiffs must unite to accomplish a removal. The language is, "either party may remove;" under the second clause, "either one or more of the plaintiffs or defendants actually interested may remove." Why this difference, we do not know. As said by the court in *Barney* v. *Latham, supra:* "We may remark that with

the policy of the act of 1875 we have nothing to do. Our duty is to give effect to the will of the law-making power when expressed within the limits of the constitution." If, then, the last clause of the act of 1875 applied only to cases in which there was more than one controversy, of course the same construction must be given to the last clause of the act of 1887. That really ends this case; for, if the defendants cannot come in under the third clause of the act of 1887, because there is but a single controversy, they cannot under the second clause, because they are resident defendants, nor under the first, because there is no federal question.

It has been suggested, though not in the argument before us, that the whole of the second section of the act of 1875 is still in force, because not in terms repealed. Section 6 of the act of 1887 repeals, by name, certain provisions in prior statutes, and "all laws, and parts of laws, in conflict with the provisions of this act." It does not in terms repeal section 2 of the act of 1875, and, while sections 1 and 3 of the act of 1887 are declared in terms to be amendments of similar sections in the act of 1875, the same is not true as to section 2; and it has been suggested that, as section 2 is not in terms repealed or amended, it is still in force so far as any provisions therein are not directly in conflict with the act of 1887. We cannot agree to this suggestion. It is a familiar rule that when a later statute covers the ground, and is obviously intended as a substitute for the earlier statute, then the former is repealed, although no words of repeal are used, and although there may be some provisions in the earlier not absolutely incompatible with those in the later. Under that rule we think, clearly, section 2 of the act of 1875 is no longer in force, and that we must look to section 2 of the act of 1887 for a determination of the circumstances under which a removal may be had.

To briefly summarize our views on the subject under discussion, we hold—*First*, that in cases involving but a single controversy, where the jurisdiction of the court depends only upon the citizenship of the parties, the right of removal is governed solely by the second clause of the second section of the act of March 3, 1887, and can be exercised only by non-resident defendants; *second*, that the third clause of the second section of the act of March 3, 1887, like the second clause of the second section of the act of March 3, 1875, governs that class of cases only where there are two or more controversies involved in the same suit, one of which controversies is wholly between citizens of different states; and under the act of 1887 the right of removal in the cases last mentioned is limited to one or more of the defendants actually interested in such separable controversy, and does not extend to the plaintiffs therein.

We have given to this question a careful examination, because of its wide-reaching effect. The plaintiff may not remove under the act of 1887; and if a resident defendant may not remove, on the ground of citizenship alone, causes in which there is but a single controversy, it is obvious that removals will be very infrequent. Still, whatever may be the result, we are to give to the language of the act that construction

which will carry out its intent.    Entertaining these views, we are of the opinion that the defendants have no right to remove this action, and the motion to remand must be sustained.

THAYER, J., concurs.