GUARANTEE CO. OF NORTH AMERICA v. MECHANICS' SAV. BANK & TRUST CO.

(Circuit Court of Appeals, Sixth Circuit. July 6, 1897.)

No. 349.

On Petition for Rehearing. The opinion on the original hearing is reported in 80 Fed. 766.

Reargued before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

HAMMOND, J. We have carefully considered the petition for rehearing filed by the appellant in this case, which is overruled. It only presents again for rehearing questions that have been fully and thoroughly considered by the court, and which need no further attention from it. It is only asking for a reargument of what has already been fully argued and decided. There is one matter, however, which requires our attention, relating to a request by counsel for a correction of the opinion in the matter of the misquotation of the language of the teller's bond in the brief of counsel for the appellant. Of course, not the least imputation was intended of improper or unfair misquotation by counsel. The opinion states that it was "by manifest misprision," which language was deemed sufficient to guard against the possibility of any such imputation. Counsel for the appellee, in his brief, while treating of this matter, and at the argument, most thoroughly disclaimed any intention of suggesting even such a thing as an improper misquotation by counsel, and the court now directs, through profound respect for the sensitiveness of learned counsel on this subject, that this memorandum by the court shall be filed as an addendum to the original opinion, to go with it into the records and the books. It goes without saying that counsel for the appellant are incapable of any such offense, and, indeed, as now appears by the certificate of the clerk of the court, it was not a misquotation at all. The trouble arose from an error in transcribing the record. The bond of the teller in fact contains the precise language as quoted by counsel for the appellant, but in transcribing it into the record in some way the words upon which the

controversy turned were left out of the bond as it appeared in the record.    It is now stated that there was a stipulation by counsel correcting the error of the record, and restoring those words to the bond, but this stipulation was never until now called to the attention of the writer of the opinion.    It is not now in the record as it came to his hands.    As ne recollects the argument, it proceeded on the same line of assumption that counsel for the appellant had mistakenly quoted the bond in his brief, but counsel then thought he.was correct in his quotation and the matter would be looked into.    No further attention being called to it, it passed out of the mind of the writer of the opinion.    But, taking the actual language of the bond as it now appears, we are of opinion that it should not change the result which we reached, and our judgment is the same now as at the time the original opinion was filed upon this point.    Petition overruled.