### In re VAN ALSTYNE.

(District Court, N. D. New York. April 16, 1900.)

BANKRUPTCY—INTERVENTION OF TRUSTEE IN PENDING SUITS—CONCLUSIVENESS OF JUDGMENT.

> Pending an action in a state court of competent jurisdiction for the foreclosure of mechanics' liens on certain property, and the determination of the priorities of various claimants, one of the lienors was adjudged bankrupt. His trustee, when appointed, procured himself to be substituted for the bankrupt in the pending action, adopted the pleadings filed by the bankrupt, and took part in all subsequent proceedings, raising no objection to the jurisdiction of the court. The state court having rendered a judgment determining that the bankrupt's lien was subordinate to those of other claimants, and the property having been sold thereunder, *held*, that the trustee was bound by such judgment, and the court of bankruptcy would not, at his instance, enjoin the state court's officer from distributing the proceeds of the sale in accordance with the judgment.

In Bankruptcy. On motion for an injunction to restrain the referee, appointed by a state court in proceedings to foreclose a mechanic's lien, from paying over the money in his hands adjudged by the said court to be due to certain lienors.

In the spring of 1898 the bankrupt made a contract with the Rochester Exhibition Company to erect the grand stands and other structures on the latter's grounds. The bankrupt purchased a large quantity of materials from the

Dispatch Lumber Company and others, to be used in performing his contract. In June, 1898, the exhibition company became embarrassed financially and a number of mechanics' liens were filed against its interest in the property. On the 2d of July, 1898, the lumber company filed a lien against the exhibition company and the bankrupt. On the 18th of July, 1898, the lumber company filed a second notice of lien against the same parties and one Marvin A. Culver, who had leased the land to the exhibition company. On the 11th of July, 1898, Teresa Rice commenced an action in the supreme court of the state of New York to foreclose her lien against the exhibition company, making Culver and all other lienors parties. On the 12th of November, 1898, Van Alstyne filed a petition in bankruptcy, was duly adjudicated a bankrupt, and, on the 14th of November, 1898, George B. Draper was appointed trustee in bankruptcy. On the 10th of April, 1899, the Rice action was brought to trial. The trustee was substituted, at his own request, in the place of the bankrupt and adopted as his the answer previously filed by the bankrupt. Thereafter the trustee took part in all proceedings in the action. Judgment was finally entered on the 15th of January, 1900, and a referee was appointed to sell the interest of the exhibition company and distribute the proceeds of the sale among the parties to the action according to the priority of their liens. On the 23d of February, 1900, the property was sold at auction for $5,225. The tenth conclusion of law found by the court was to the effect that the defendant Draper, as trustee, was entitled to judgment against the exhibition company for $11,903, with interest, costs and disbursements. The twelfth conclusion of law was to the effect that the Smith Sash & Door Company was entitled to judgment against the bankrupt Van Alstyne for $634, with interest, etc., and that said sum should be paid out of the amount due and owing said Van Alstyne from the exhibition company. The fourteenth conclusion of law was to the effect that the Dispatch Lumber Company acquired a lien upon the interest of Van Alstyne, which lien should be paid out of the amount due and owing said Van Alstyne from the exhibition company. The fifteenth conclusion of law was to the effect that other defendants were entitled to judgment against Van Alstyne in the sum of $6,668, with interest, etc., and that this sum should be paid out of the amount due and owing said Van Alstyne from the Rochester Exhibition Company. The seventeenth conclusion of law gave the Smith Sash & Door Company and the lumber company separate judgments against Van Alstyne for any deficiency that may remain due them on the sale. The answer interposed by Van Alstyne, which was afterwards adopted by the trustee in bankruptcy, admits that the defendants named in the complaint filed mechanics' liens upon the premises as alleged therein. The answer demanded judgment, inter alia, as follows: "That he [Van Alstyne] be adjudged to have a lien on said real property for the sum of $11,903.50 with interest thereon from June 30, 1898, both as against the Rochester Exhibition Company, lessee, and Marvin A. Culver, the owner in fee thereof, and that the equities of all the parties to this action and the order of priority of said liens may be adjusted and determined between the parties." The answer further demanded: "That the defendants' and this plaintiff's interest in said premises be sold as provided by law and that from the proceeds of said sale this defendant be paid the amount of his lien aforesaid and interest from June 30, 1898, together with the expense of sale and costs of this action." From the time of his substitution in place of the bankrupt, the trustee took an active part in the proceedings in the foreclosure action. The contention that the state court did not have full jurisdiction to determine the questions involved in that action was never raised by the trustee until this motion was made upon the 6th day of March, 1900.

George B. Draper and Horace McGuire, Jr., for trustee and others.
Clarence E. Shuster, for lienors.

COXE, District Judge (after stating the facts as above). The controversy in the Rice action was one of which the state court had jurisdiction both as to the parties and the subject-matter. The trustee in bankruptcy voluntarily submitted himself to the jurisdiction

of the court. The judgment determines, in effect, that other liens were paramount to the lien of the bankrupt and that his trustee has no available interest in the fund in the state court. It is a mistake to assume that the state court attempted to administer the bankrupt's estate. On the contrary that court was only called upon to deal with questions of priority among the creditors of the Rochester Exhibition Company, Van Alstyne being one. The court decided that there were other liens on the property of the exhibition company superior to his. Not only had the court jurisdiction to determine this question, but the bankrupt, and subsequently the trustee, formally requested the court to decide it. The first prayer of the answer is "that the equities of all the parties to this action and the order of priority of said liens may be adjusted and determined between the parties." The fund in the hands of the officer of the state court is not the property of the bankrupt, or the avails thereof; it is not even property upon which either he or his trustee has a lien. It is, in short, a fund which a court, having a right to make the decision, has decided belongs to some one else. It is by no means certain that the bankruptcy court, even if it could take cognizance of the various questions of priority arising among the creditors of the exhibition company, would reach a conclusion different from that reached by the state court. It is, however, unnecessary to consider this aspect of the controversy, for the reason that the trustee voluntarily chose the state court as the tribunal to determine his rights and he is now bound by its decision. Not until March of the present year has he disputed in any way the jurisdiction of the state court. On the other hand he has openly recognized its jurisdiction by participating in all the proceedings until after the final judgment. The judgment of the state court is binding upon the parties to that action.

The motion for an injunction is denied and the temporary restraining order is vacated.