In re HEIM MILK PRODUCT CO.

(District Court, N. D. New York. December 13, 1910.)

1. BANKRUPTCY (§ 114*)—RECEIVERS—AUTHORITY—ADJUSTMENT OF CLAIMS.

Receivers in bankruptcy prior to adjudication cannot adjust claims or properly defend suits thereon; their office being necessarily of short duration, and their duties primarily to care for and protect or preserve the bankrupt's property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 114.*]

2. BANKRUPTCY (§ 114*)—RECEIVERS—PETITION TO SUE.

Bankruptcy Act July 1, 1898, c. 541, § 63, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), provides that provable claims shall be proved and presented to the referee or court, with such proof as is required, and shall then be allowed or disallowed, and liquidated if unliquidated, as directed by the referee or the court; and section 11 stays all pending suits against the bankrupt. Held, that under such sections suits against the bankrupts or receivers are not to be authorized by the court in any event, and not against any one prior to the appointment of a trustee to represent creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 114.*]

3. BANKRUPTCY (§ 295*)—CLAIMS—LIQUIDATION—STATE COURT.

Claims against a bankrupt's estate are not to be settled or liquidated by a suit in the state court unless the judge or referee so directs.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 414; Dec. Dig. § 295.*]

In the matter of bankruptcy proceedings of the Heim Milk Product Company, an alleged bankrupt. On petition of Crandall Pettee Company for leave to sue the alleged bankrupt and the receivers appointed prior to adjudication on a claim provable in bankruptcy. Denied.

Edgar T. Brackett, for petitioner.

Wildman & Gray, for receivers.

RAY, District Judge. A petition in bankruptcy herein has been filed and receivers appointed with leave to continue the business of the corporation. No adjudication has been made. The company, a corporation, and some 80 per cent. of the creditors, have asked delay pending an effort to settle with the creditors and reorganize the company so as to continue the business. The company takes milk from a large number of farmers who are deeply interested in the continuance of such business and who would be greatly injured by its abandonment. About 20 per cent. of the total indebtedness is secured or held by persons not farmers and patrons.

At the Utica term of this court commencing December 6th, to which time the matter had been adjourned, it was ordered, in substance, that a meeting of the creditors be called at Truxton, where one plant is located, and another meeting at Canastota soon thereafter, where the larger plant is located, on notice to all, and after mailing to each creditor a statement showing the condition of the said corporation, and the results of running it under present conditions so that intel-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ligent action might be taken and a satisfactory determination arrived at. These meetings are called for January 7th and 11th, respectively. If a settlement is made, it must include the claim of the Crandall Pettee Company, which asks leave to sue the receivers. If no settlement is reached, an adjudication will at once be made, and the appointment of a trustee will follow in due course to whom all claims must be presented for final action. The acceptance and allowance or adjustment of such claims, including that of the Crandall Pettee Company, will rest with the referee primarily, but ultimately with the trustee and creditors. If this claim be contested, it must be settled and proved before the referee to which the case is referred. If unliquidated, as this claim seems to be, it may be liquidated by agreement or arbitration, if the trustee consents, or suit, as the court, that is, the referee, if the case has been referred, shall direct. See section 63b, Bankruptcy Act, and also section 26. Act July 1, 1898, c. 541, 30 Stat. 553, 563 (U. S. Comp. St. 1901, pp. 3432, 3447).

Receivers, prior to adjudication, are in no condition to adjust claims, liquidated or unliquidated, and have no power. They may not compromise claims or admit or reject them. They cannot properly defend, or, if they do, cannot act intelligently, as their office is of short duration, and their province is to care for and protect or preserve the property, not defend suits. In short, the act contemplates that all claims against the bankrupt, which are provable—and this is a provable claim—shall be proved and presented to the referee or court with such proof and then be allowed or disallowed and liquidated, if unliquidated, as directed by the referee or the court. Section 63. All pending suits against a bankrupt are to be stayed. Section 11. This section clearly indicates that suits against a bankrupt and the receivers are not to be authorized by the court in any event and not against any one prior to the appointment of a trustee who is to represent the creditors. Even then claims in controversy are not to be settled or liquidated by suit in the state courts unless the judge or referee so directs. This claim arises on a contract made by the alleged bankrupt and is a claim against the bankrupt, and is not a claim against the receivers for some act or omission of theirs.

The application is denied.