### UDEN v. GREAT NORTHERN CONST. CO. et al.

### HUMPHREY INV. CORPORATION v. SAME.

(District Court, W. D. Washington, N. D. September 27, 1924.)

No. 417.

**1. Removal of causes ⬤⟹56—Cause held not removable on ground of separable controversy.**

In a suit in a state court to enforce labor and materialmen's liens, all parties being citizens of the state, the filing of a cross-complaint by the owner of the property against the contractor, a citizen of the state, and the surety on his bond, which is a citizen of another state, *held* not to render the cause removable by the surety on the ground of a separable controversy.

**2. Removal of causes ⬤⟹29, 49(2) — Suit against contractor and surety not separable as to surety.**

A suit against a contractor, who is a citizen of the same state as plaintiff, and the surety on his bond which is a citizen of another state, does not involve a separate controversy which makes it removable by the surety, nor does the fact that the contractor has been adjudicated a bankrupt eliminate him as an interested party, and render the controversy one solely between plaintiff and the surety.

In Equity. Suit by E. E. Uden, doing business as the Art Marble Company, against the Great Northern Construction Company, the Humphrey Investment Cor-

poration, and others, and cross-complaint by the Humphrey Investment Corporation against the Great Northern Construction Company and the National Surety Company. On motion to remand to state court. Granted.

McClure & McClure, of Seattle, Wash., for plaintiff Uden.

Tucker, Hyland & Elvidge, of Seattle, Wash., for defendant Great Northern Const. Co.

Byers & Byers, Carkeek, McDonald, Harris & Coryell, Edward Von Tobel, and Frank E. Holman, all of Seattle, Wash., for defendant Humphrey Inv. Corporation.

Preston, Thorgrimson & Turner and Caldwell & Evans, all of Seattle, Wash., for defendant National Surety Co.

CUSHMAN, District Judge. The motion is to remand to the state court. The suit is one for the foreclosure of labor and materialmen's liens. The removal was on the motion of a defendant to a cross-complaint. The Humphrey Investment Corporation, the owner of the property affected by the liens, is a party defendant to the main suit. The requisite diversity of citizenship for removal does not exist in the main suit. The Humphrey Investment Corporation, a citizen of Washington, by cross-complaint sued the contractor, its codefendant in the main suit, also a citizen of Washington, and the National Surety Company, a citizen of the state of New York. The National Surety Company was not a party in the main suit; it was surety on the contractor's bond given the Humphrey Investment Corporation; the bond was conditioned that the contractor, the principal on the bond, should perform his construction contract and indemnify and save harmless the owner from loss, cost, damage, and expense which might be incurred by reason of the breach of such building contract.

It is alleged in the cross-complaint that, though requested to do so, the surety company failed and refused to appear in court and defend against the asserted liens at its own cost and expense; that the owner, cross-complainant, was obliged to do so at its own expense. It is alleged that the defendant contractor has been adjudged a bankrupt, and a trustee appointed. The prayer is for judgment against the contractor and surety company for any amounts allowed the lien claimants. There is the further prayer:

"That irrespective of the fact whether such liens are allowed, or any of them are allowed, or whether such liens or all of them may be disallowed, that this cross-complainant may be allowed its costs and damages, including a reasonable attorney's fee, against the Great Northern Construction Company and its bondsman, National Surety Company, for the defending of such litigation, and for the failure of such contractor or its bondsman to defend at their own cost and expense the liens described in this cross-complaint, or any other liens upon which suit may be subsequently started."

[1] The cause was removed to this court on petition of the National Surety Company. The defendant and cross-complainant Humphrey Investment Corporation and sundry lien claimants move to remand the cause to the state court. There is not the requisite diversity of citizenship, under the cross-complaint, unless the controversy between the cross-complainant owner and the surety company is separable. Conceding that the question here should be considered, and determined as though the filing of the cross-complaint was the beginning of an independent suit, yet in such a situation ordinarily there would be no separate controversy. City of Seattle v. Beer's Bldg. Co. (D. C.) 242 Fed. 988; Columbia Digger Co. v. Rector (D. C.) 215 Fed. 618, at page 623.

[2] This much is conceded, but it is claimed that by bankruptcy of the principal upon the bond there is worked a different result; that, as the contractor has become a bankrupt, he has no longer any interest to be affected by any judgment upon the cross-complaint. This particular question does not appear to have been determined, as disclosed by any of the cases which the court has examined. The following, however, bear upon nearly related questions: Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083; Waterman v. Canal-Louisiana Bk. & Trust Co., 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80; Niles-Bement-Pond Co. v. Iron Moulders Union, etc., 254 U. S. 77, 41 Sup. Ct. 39, 65 L. Ed. 145; Salem Trust Co. v. Manufacturers' Finance Co. et al., 264 U. S. 182, 44 Sup. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867; In re Kelley, Ex parte Marshall (D. C.) 297 Fed. 676; Chase v. Farmers' & Merchants' Nat. Bank of Baltimore, 202 Fed. 804, 121 C. C. A. 262; Hough v. Société Electrique Westinghouse de Russie (D. C.) 231 Fed. 341; Consolidated Textile Corporation v. Iserson et al. (D. C.) 294 Fed. 289; Moloney v. Cressler, 210 Fed. 104, 126 C. C. A. 618; In re Heim Milk Product Co. (D. C.) 183 Fed. 787.

Section 11b of the Bankruptcy Act (Comp. St. § 9595) provides: "The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt." It has been held that a trustee so defending is bound by the judgment of the state court. In re Van Alstyn (D. C.) 100 Fed. 929; 1 Collier on Bankruptcy (13th Ed.) p. 421.

Section 63 of the Bankruptcy Act (section 9647) provides:

"(a) Debts of bankrupt may be proved and allowed against his estate, which are * ⋅ ⋅ (5) founded upon provable debts reduced to judgment after the filing of the petition and before the consideration of the bankrupt's application for discharge, less costs incurred and interest accrued after the filing of the petition and up to the time of the entry of such judgments.

"(b) Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

The foregoing authorizes the liquidation of the claim of the cross-complainant against the bankrupt contractor, in the suit brought in the state court. Collier on Bankruptcy (13th Ed.) vol. 2, p. 1417, (VI); Id. p. 1418, (a) and (b). Another question would be presented if the bankrupt, or trustee, intervening, had secured the removal.

The contention that the bankrupt has no interest to be affected by suit upon the cross-complaint is unwarranted, for one reason, because it is based upon the assumption that the bankrupt will receive a discharge from his debts, which is not necessarily true.

Motion to remand is granted.