**BOARD OF LEVEE COM'RS OF ORLEANS LEVEE DIST. v. HULSE et al.**

(District Court, E. D. Louisiana, New Orleans Division. February 18, 1927.)

No. 18659.

1. **Courts ⬥307(1)—Board of levee commissioners held citizen of state, for purpose of suit in federal court based on diverse citizenship (Act La. No. 93 of 1890).**

Board of levee commissioners of the Orleans levee district, created by Act La. No. 93 of 1890, held citizen of state creating it, for purpose of suit based on diverse citizenship in federal court.

2. **Removal of causes ⬥50—Demand against contractor and surety held to present but single controversy, precluding federal court jurisdiction for surety's diversity of citizenship (Act La. No. 224 of 1918).**

Demand of board of levee commissioners against contractor and surety on bond executed in connection with contract, both arising by

virtue of Act La. No. 224 of 1918, relating to contracts for public works, presents but a single controversy, which is not separable as to surety, so as to authorize federal court jurisdiction on diversity of citizenship.

3. **Removal of causes ⬥50—Demand against contractor and surety for amount paid materialman held not to present separable controversy, authorizing federal court jurisdiction for surety's diversity of citizenship.**

Demand of board of levee commissioners, in suit against resident contractor and nonresident surety for amount paid materialman, held not to make separable controversy, so as to authorize federal court jurisdiction on ground of diversity of citizenship of surety.

At Law. Suit by the Board of Levee Commissioners of the Orleans Levee District against S. T. Hulse and another, removed from state court. On plaintiff's motion to remand. Judgment sustaining the motion.

Eberhard P. Deutsch, of New Orleans, La., for plaintiff.

W. J. Suthon (of Monroe & Lemann), of New Orleans, La., for defendant Globe Indemnity Co.

BURNS, District Judge. The board of levee commissioners of the Orleans levee district is an agency of the state of Louisiana, created by the state Legislature by Act 93 of 1890, which provides that they are "constituted and created a body politic, with needful succession and corporate powers," having "power to sue and be sued in their corporate name; shall have a common seal, and shall have the franchise and power to do and perform all the purposes of this act, and to acquire, hold, own and convey all the property, real and personal, needful in the premises, and to alienate, mortgage and pledge the same for said purposes. The domicile of this board shall be in the city of New Orleans, where it shall be suable, and service of citation shall in all cases be made upon its president." Section 3.

The levee board filed this suit in the civil district court against one S. T. Hulse, a resident and citizen of Louisiana, and the Globe Indemnity Company, a corporation, citizen of the state of New York. Attached to the petition is a copy of the contract for certain levee work, upon which Hulse is alleged to have defaulted, and to the contract the bond is attached, under the terms of which the surety binds itself in solido with the contractor for the faithful performance of the contract.

The defendant surety company petitioned for and obtained an order for removal, whereupon the plaintiff moves for its remand to the state court. It is from the petition in its com-

plete form that the cause of action and status of the parties must be determined, for the purpose of removal.

The first point made by plaintiff under the motion to remand proceeds upon the theory that it is only a nominal party; that the state of Louisiana, of which it is an agency, is the real party in interest; that the state courts, in other cases, have so recognized it, and relieved it of suit and from responsibility to a wider degree than individuals or other corporations might be; that, since the state of Louisiana is plaintiff, this court has no jurisdiction.

[1] This point has been settled to the contrary in removal proceedings, where similar state agencies are incorporated and proceed in their corporate capacity. They are citizens of the state creating them, for the purpose of suits based on diverse citizenship in the federal court. Pearl River County v. Wyatt Lumber Co., 270 F. 26 (5 C. C. A.), and cases cited.

The defendant surety company contends that there is a separable controversy, viz. that the plaintiff's cause of action against its principal, Hulse, arises out of a contract for levee construction and is for $25,730.73; whereas that against itself is upon "the bond for $22,100 executed in connection with the aforesaid contract as required by the laws of Louisiana"; accordingly, that the first arises out of a conventional obligation, whereas the second arises out of a state statute, Act 224 of 1918, which is an act relating to contracts for public works. This contention is destroyed by the very terms of this act, which prescribes in detail for the method of contracting for public work, no less than for the method of requiring indemnity bonds.

[2] Since the suit depends for jurisdiction entirely on diversity of citizenship, and since the demand against both defendants arises out of the same contractual obligation, the surety's contention is in no better case. There is but a single controversy presented. It is not separable. Lynes v. Standard Oil Co. (D. C.) 300 F. 812; Guarantee Co. v. Bank (C. C. A.) 80 F. 766; Id. (C. C. A.) 82 F. 545; W. U. Tel. Co. v. Brown, 32 F. 337; City of Seattle v. Beer's Bldg. Co. (D. C.) 242 F. 988; Uden G. U. Const. Co. (D. C.) 1 F.(2d) 743.

[3] The defendant surety also contends that article XIII of plaintiff's petition presents a separable controversy. Article XIII reads:

"That the said Hulse incurred indebtedness to one August Schabel for supplies, provisions, etc., furnished the said Hulse and used by the latter in the construction of the said levee, amounting to three thousand four hundred eighty and $^{52}\!/\!_{100}$ ($3,480.52) dollars as per itemized bill of the said Schebel, dated October 29, 1923, sworn to as correct by affidavit before S. J. Hennessey, notary public, on October 31, 1923, and recorded in the mortgage office for the parish of Orleans in Book No. 1300, folio 161; that your petitioner was required to and did pay the said debt of the said Hulse to the said Schebel—all as will appear more fully from the notarial act of subrogation from the said Schebel to your petitioner, passed before Eberhard P. Deutsch, notary public, on October 22, 1926."

The theory of this contention is that the item of indebtedness to August Schabel in the sum of $3,480.52, for which the levee board took subrogation, made a separable controversy involving more than the jurisdictional minimum of this court, since Schebel was a furnisher of material and supplies and was not privy to the contract or bond by which the surety is bound.

This contention seems fully answered, not only by state statute (Act 224 of 1918), but by the terms of the bond attached to and made part of the contract, which reads:

"We, * * * principals and sureties, * * * are held and firmly bound, jointly, severally, and in solido, unto the board of levee commissioners for the Orleans levee district, and subcontractors, workmen, mechanics, and furnishers of material by the undertaker, contractor, master mechanic, or engineer in the full sum of $22,100."

Clearly the Schabel claim for material furnished is no different from that of any other furnisher of material. If he had not been recognized for his lien and paid by the levee board, he would have been entitled to join the plaintiff here, or intervene for his interest against the surety under the contract and the statute. In no case could his claim be considered separable. Moreover, the amount of this item is less than the difference between the solidary claim against the two defendants, and is included in the amount of that difference claimed against Hulse, individually, as to the validity of which the surety has no interest.

My conclusion is that the plaintiff levee board is a citizen of the same state as the defendant Hulse, that the obligation sued upon is against the contractor and surety jointly, severally, and in solido, and that no separable controversy is presented.

Accordingly there will be judgment sustaining the motion to remand.