**STATE OF OKLAHOMA ex rel. WILLIAMS v. OKLAHOMA NATURAL GAS CORPORATION et al.**

No. 1245.

Circuit Court of Appeals, Tenth Circuit.

May 20, 1936.

A. B. Honnold, of Tulsa, Okl., for appellant.

I. J. Underwood and O. L. Lupardus, both of Tulsa, Okl., for appellees.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is an action instituted in the name of the state of Oklahoma, on the relation of H. J. Williams, against Oklahoma Natural Gas Corporation, a corporation organized under the laws of Maryland, Oklahoma Natural Gas Company, a corporation organized under the laws of Delaware, the city of Tulsa, a municipal corporation, and the board of education of that city, being Independent School District No. 22 of Tulsa county, to recover $415,396.44, representing twice the sum of public money which it is alleged the board of education wrongfully paid to the two gas companies for gas consumed in heating school buildings in the city of Tulsa. The suit was instituted in the state court and was seasonably removed to the federal court on the petition of the defendant Oklahoma Natural Gas Corporation, the ground of removal being diverse citizenship. The record fails to disclose that a motion was made to remand, but it is suggested that since the state of Oklahoma is a party plaintiff, there is lack of requisite diversity of citizenship to authorize removal under section 28 of the Judicial Code, 28 U.S. C.A. § 71. That is the only question for determination at this time.

Section 5964, Oklahoma Statutes 1931, provides that any officer of a county, township, city, town, or school district who orders or directs payment of money or transfer of property belonging to such governmental subdivision, in settlement of a void or fraudulent claim, and every person having knowledge of the facts, with whom an unauthorized contract of that kind shall have been made or to whom or for whose benefit the money was paid or the property transferred, shall be jointly and severally liable in damage to all innocent persons suffering injury thereby and shall be likewise jointly and severally liable to the municipality for double the amount of money paid or double the value of the property transferred, as the case may be, to be recovered at a suit of the municipality or of any resident taxpayer thereof as provided in the subsequent section. Section 5965 provides that upon refusal, failure, or neglect of the proper officers of the municipality, after written demand made by ten taxpayers, to institute and diligently prosecute such a suit, any resident taxpayer affected by such wrongful payment or transfer may, after serving the notice and giving security for cost, institute and maintain in the name of the state, as plaintiff, an action for the recovery of the property transferred or for the penalty; that the municipality shall be made a party defendant; and that in the event of recovery the taxpayer shall be entitled to one-half of the money or one-half of the value of the property recovered as a reward. Those sections originated as a part of chapter 25, Session Laws 1901. Sections 6831 and 6832, being parts of chapter 219, Session Laws 1913, are identical in purport and effect, except that they apply exclusively to school districts.

■ The Supreme Court of Oklahoma has determined that in an action of this kind, instituted by a taxpayer in the name of the state for the recovery of the penalty provided in the statute, the state is a mere nominal party; that it has no interest in the suit and receives no benefit from its prosecution; and that the municipality and the taxpayer as an informer are the real parties in interest. Territory ex rel. Johnston v. Woolsey, 35 Okl. 545, 130 P. 934; State ex rel. Schilling v. Oklahoma City, 67 Okl. 18, 168 P. 227; Baugh v. Little, 140 Okl. 206, 282 P. 459. No federal question being involved, that construction is binding upon us. Terry v. Midwest. Refining Co. (C.C.A.) 64 F.(2d) 428; Ætna Life Ins. Co. v. Wertheimer (C.C.A.) 64 F.(2d) 438; Knoell v. Frisco Lease, Inc. (C.C.A.) 78 F.(2d) 286; McNeil v. Denver-Greeley Valley Irr. Dist. (C.C.A.) 80 F.(2d) 929.

■ In order to authorize removal on the ground of diverse citizenship alone, all parties on one side, except mere nominal parties, must be citizens of a different state from all parties on the other side. Johnson v. Noble (C.C.A.) 64 F.(2d) 396. And a state is not a citizen for the purpose of constituting the requisite diversity. State Highway Commission v. Utah Construction Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262; Ex parte State of Oklahoma (C.C.A.) 37 F.(2d) 862; Cargile v. New York Trust Co. (C.C.A.) 67 F.(2d) 585. But a municipal. subdivision of the state, such as a county, city, town, or school district, having a separate corporate entity, is a citizen for that purpose. Mercer County v. Cowles (Cowles v. Mercer County), 7 Wall.(74 U.S.) 118, 19 L.Ed. 86; Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766; Pearl River County v. Wyatt Lumber Co. (C.C.A.) 270 F. 26. See, also, Board of Levee Com'rs v. Hulse (D.C.) 17 F.(2d) 785. A city in Oklahoma is a body corporate with power to sue and be sued. Section 6349 O.S.1931. A city of the first class or an incorporated town which maintains a four-year high school fully accredited with the State University constitutes an independent school district. Id. § 6853. And the public schools of such a city or town are a corporate entity having the usual powers of corporations for public purposes and may sue and be sued in the name of the board of education. Id. § 6861. It follows that they are citizens within the purview of the statute authorizing removal.

■ The fact that on the face of the pleadings the taxpayer is plaintiff and the city and board of education are defendants is not decisive in determining whether the requisite diversity of citizenship exists. A court has power to disregard the position which the parties occupy on the face of the pleadings, ascertain the real controversy, and then arrange them on one side or the other as their real interests lie. Removal Cases, 100 U.S. 457, 25 L.Ed. 593; Pacific R. R. v. Ketchum, 101 U.S. 289, 25 L.Ed. 932; Harter Twp. v. Kernochan, 103 U.S. 562, 26 L.Ed. 411; Evers v. Watson, 156 U.S. 527, 15 S.Ct. 430, 39 L.Ed. 520; Collerton Mercantile & Mfg. Co. v. Savannah River L. Co. (C.C.A.) 280 F. 358. Manifestly the taxpayer, the city, and the board of education are plaintiffs in interest. They are citizens of Oklahoma; defendant Oklahoma Natural Gas Corporation is a citizen of Maryland and defendant Oklahoma Natural Gas Company is a citizen of Delaware. Since the state is a mere nominal party without any substantial interest in the controversy, its presence on the record as plaintiff does not defeat jurisdiction of the federal court. Ex parte State of Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876. Accordingly, the requisite diversity of citizenship exists and the case was subject to removal on that ground.

Jurisdiction is sustained and the case will stand for consideration on its merits.