**STATE OF OKLAHOMA ex rel. JENNINGS v. RAY, County Treasurer, et al.**

**No. 1447.**

Circuit Court of Appeals, Tenth Circuit.

Dec. 24, 1936.

L. O. Lytle, of Sapulpa, Okl. (George H. Jennings, of Sapulpa, Okl., on the brief), for appellant.

Alvin Richards, of Tulsa, Okl. (Everett S. Collins, of Sapulpa, Okl., on the brief), for appellees.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

The Pure Oil Company, a corporation organized under the laws of the state of Ohio, sued the county treasurer of Creek County, Oklahoma, in the United States District Court for the Northern District of Oklahoma to recover $6,460.89 taxes that it had paid on property which it owned in said county alleged to be exempt from taxation. The county treasurer made answer in that suit alleging therein that said property so taxed was not exempt from taxation; that it was subject to the tax that had been paid and proper levy had been made therefor; and that plaintiff was not entitled to recover the same. The cause came on for trial. Both sides were represented by counsel. Testimony was taken, some of the material facts having been agreed to by stipulation. The court, jury being waived, found and adjudged:

"The court, after having heard and considered said cause and the evidence offered herein, and the statement of counsel, and being fully advised in the premises, find the issues herein in favor of plaintiff and against the defendant.

"The court further finds that the taxes assessed, levied, and collected by defendant from the restricted Indian leases of the plaintiff in the sum of $4845.82, were illegally and wrongfully levied and collected; that said illegal taxes were paid under protest, and are now held in the separate protest account under defendant's custody, and said taxes in the above sum should be returned to the plaintiff herein by the defendant.

"Wherefore it is by the court ordered, adjudged and decreed that the levy and collection of said tax in the above sum upon the equipment and property mentioned in said petition upon said restricted Indian leases, was illegal and in violation of the laws of the United States.

"It is further ordered, adjudged and decreed that the plaintiff The Pure Oil Company, a corporation, do have and recover judgment against the defendant, Ghayn Ray, County Treasurer of Creek County, Oklahoma, in the sum of $4845.-82, and said defendant is hereby directed on receipt of a certified copy of this Jour-

nal Entry to issue, and deliver to plaintiff his check or voucher payable out of said protest account in the sum of $4845.82."

Thereafter, Margaret Jennings, a citizen and taxpayer of Creek County, pretending to act pursuant to sections 5964, 5965, Oklahoma Statutes 1931, instituted this suit against the Pure Oil Company, said county treasurer and the board of county commissioners of said county to recover double the amount of the judgment in the prior suit, the county treasurer having theretofore paid to said Pure Oil Company the amount of said judgment so entered in its favor.

The state statute relied on is an informer statute, and the informer is to receive one-half of the amount recovered.

Section 5964 provides:

"Every officer of any county, township, city, town or school district, who shall hereafter order or direct the payment of any money or transfer of any property belonging to such county, township, city, town or school district in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made for any such county, township, city, town or school district by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the county, township, city, town or school district affected, for double the amount of all such sums of money so paid, and double the value of property so transferred as a penalty, to be recovered at the suit of the proper officers of such county, township, city, town, or school district or of any resident taxpayer thereof, as hereinafter provided."

Section 5965 provides:

"Upon the refusal, failure or neglect of the proper officers of any county, township, city, town or school district, after written demand made upon them by ten resident taxpayers of such county, township, city, town or school district, to institute or diligently prosecute proper proceedings at law or in equity for the recovery of any money or property belonging to such county, township, city, town or school district, paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful, fraudulent or void contract, made, or attempted to be made, by any of its officers for any such county, township, city, town or school district, or for the penalty provided in the preceding section any resident taxpayer of such county, township, city, town or school district affected by such payment or transfer after serving the notice aforesaid * * * may in the name of the State of Oklahoma as plaintiff, institute and maintain any proper action * * * for the recovery of such property, or for said penalty;" and one-half of the money recovered at the expense of the taxpayer shall be paid to such resident taxpayer as a reward.

Plainly the payment of the judgment recovered against the county treasurer by the oil company is not within the terms of this statute. The payment was made pursuant to the command of the judgment of a court which had jurisdiction of the parties to the cause and the subject matter involved, and the validity of that judgment was not dependent upon whether the court that entered it was right or wrong in finding for the taxpayer. Foltz v. St. Louis & S. F. Ry. Co. (C.C.A.) 60 F. 316. It was not paid pursuant to an order or direction of the county treasurer, nor pursuant to any unauthorized, unlawful or fraudulent contract made by any officer of the municipalities, nor upon any claim known by such officer or officers to be fraudulent or void, nor is there any evidence in this record of fraudulent conduct by any officer of the municipalities named in the statute, nor of the litigants or their counsel in the entry of said judgment in favor of the oil company and its payment.

On trial of the case now under consideration the assistant county attorney, who apparently had charge of the defense in the suit brought by the Pure Oil Company, testified that there were four or five cases like that brought by the Pure Oil Company pending and set for trial at the time the Pure Oil Company suit was set for trial to recover taxes that each company had paid which were claimed to have been assessed against exempt property; that he had discussed all of them with the board of county commissioners; that he had investigated the facts and the law applicable thereto; that he had advised the county commissioners that in his opinion the plain-

tiff in each case would recover; that he did not believe the property against which the taxes in suit had been levied. was taxable; that he told the board he might be able to make some compromise and save a part of the money; that he was instructed by the chairman of the board to make any settlement he could of that kind; that he tried to make settlement by retaining half of the amounts that had been paid and was unable to do so, and finally it was agreed that the Pure Oil Company would accept a return of 75% of what it had paid; that he laid that situation before the court; that the other oil companies made like settlements; that he made a statement to the court covering the whole case, and the judgment in favor of the Pure Oil Company for $4845.82 was thereupon entered; and that there was no bad faith or collusion on the part of anyone. There was not one word of testimony in contradiction to that of this witness.

■ This is an action to recover a penalty, and the statute on which it is based must have strict construction. The Oklahoma Supreme Court has so construed it. State ex rel. v. Oklahoma Nat. Gas Corp. (Okl. Sup.) 57 P.(2d) 626.

We gave some consideration to the statute here relied on in Oklahoma ex rel. v. Oklahoma Nat. Gas Corp., 83 F.(2d) 986, 987, q. v., but our inquiry there went only to a matter of jurisdiction.

Plaintiff failed both in fact and in law. The judgment below dismissing the bill is affirmed.