## GRAVES *v.* ASHBURN.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FIFTH CIRCUIT.

No. 51.   Argued December 7, 1909.—Decided December 20, 1909.

Where the remedy at law is of doubtful adequacy and the policy of the State is clearly indicated for the protection of an important industry, equity may interfere, although under different circumstances an injunction might be denied; and so held as to an injunction against cutting or boxing timber on pine lands in Georgia.

Possession of unenclosed woodland in natural condition is a fiction

of law rather than a possible fact, and can reasonably be assumed to follow the title; and, in this case, *held* that a suit in equity could be maintained to remove cloud on title and cancel a fraudulent deed of timber lands in Georgia notwithstanding there was no allegation of possession.

A suit in equity may be maintained to cancel a deed improperly given where the invalidity does not appear on its face, and under which by the state law, as in Georgia, possession might give a title.

The fact that the defendant has, during the pendency of an equity action to set aside a deed, continued to waste the property does not destroy the jurisdiction of the court; the bill may be retained and damages assessed.

The objection of multifariousness is one of inconvenience, and, after trial, where the objection was not sustained by the lower court and defendants did not stand upon their demurrer setting it up, it will not prevail in this court in a case where the bill charged a conspiracy between several trespassers whose trespasses extended over contiguous lots treated as one.

THE facts are stated in the opinion.

*Mr. Marion Erwin,* with whom *Mr. William J. Wallace* was on the brief, for petitioners.

*Mr. Alfred R. Kline* and *Mr. Robert L. Shipp* for respondents.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by the petitioners against H. T. Crawford, W. W. Ashburn, now represented by his executrix, his lessees, and, originally, against other defendants who have been disposed of and are not before us. The petitioners show title in themselves, derived from the State, to four nearly square lots of land, of about 490 acres each, contiguous to each other and making one large square in the Eighth District of Colquitt County, Georgia. The right hand upper square upon the map is numbered 353, the left hand upper square, 354, the left hand lower, 383, and the right hand lower, 384. This land had upon it pine woods valuable

for timber and turpentine. The bill alleges that the petitioners being residents of New York employed a firm of lawyers to look after the same; that by a breach of trust and without title or authority a deed was made on behalf of the firm purporting to convey the north half of lot 353 to the defendant Ashburn; that he had notice of the want of title, but nevertheless let the timber privileges to another defendant, and that the latter was about to cut the timber and had already boxed the trees and taken turpentine from other portions of the same lot. In pursuance of the same general fraudulent plan another voidable or void conveyance was made to Crawford of lot 383, and thereafter Crawford began to box the trees on that lot and to carry away the turpentine. Further particulars are not necessary here. The bill sought an injunction against boxing the trees, carrying away turpentine, or cutting timber, and a cancellation of the fraudulent deeds.

The Circuit Court dismissed the bill against Crawford, on the ground that the plaintiffs had a complete remedy at law, and it did not pass on the title to lot 383 and the south half of 353. It declared the plaintiffs' title to lots 354, 384 and the north half of 353, and granted the relief prayed in respect of them against Ashburn and others. There were cross appeals, and the Circuit Court of Appeals dismissed the bill, concurring with the Circuit Court as to Crawford, and holding, with regard to Ashburn, that so far as the cloud upon the title was concerned it did not appear sufficiently, from the bill, that the plaintiffs were in possession, and if they were, the deed to Ashburn did not constitute a cloud. As to the cutting of trees, it was held that the remedy at law was complete.

We shall deal first with the last ground of decision, which involves a difference of opinion between different Circuit Courts of Appeals. It is assumed, as was found by the Circuit Court, that the plaintiffs' title was made out and that the defendant is or may be responsible for the wrong. If the

defendant is responsible we are of opinion that an injunction ought to issue. The industry concerned is so important to the State of Georgia and the remedy in damages is of such doubtful adequacy that equity properly may intervene, although in different circumstances an injunction against cutting ordinary timber might be denied. The policy of the State is indicated by § 4927 of the Civil Code, 1895, continuing earlier acts. "In all applications . . . . to enjoin the cutting of timber or boxing or otherwise working the same for turpentine purposes, it shall not be necessary to aver or prove insolvency, or that the damages will be irreparable." Although in form addressed to procedure this implies a principle grounded upon a view of public policy. See *Camp* v. *Dixon*, 112 Georgia, 872. *Gray Lumber Co.* v. *Gaskin*, 122 Georgia, 342. The same result has been reached apart from statute by the Circuit Court of Appeals for the Sixth Circuit and in other cases. *Peck* v. *Ayres & Lord Tie Co.*, 116 Fed. Rep. 273. *United States* v. *Guglard*, 79 Fed. Rep. 21. *King* v. *Stuart*, 84 Fed. Rep. 546. Whatever the ultimate disposition of the case a final decree should not be entered until the evidence has been considered in the light of the rule that we lay down. We leave the further consideration to the court below.

As the case is before us, it is proper to add that we perceive no sufficient reason in the grounds stated for denying a cancellation of the deed to Ashburn. The first of these grounds is that the plaintiffs do not allege that they are in possession of the land concerned. We infer that the premises, or the greater part of them, are woodland, not enclosed by fences, but in their original natural condition. If so, then possession is a fiction of law rather than a possible fact, and it would be reasonable to assume that possession remains with the title. *Green* v. *Liter*, 8 Cranch, 229. Georgia Code, § 3878. We may say more broadly, and without qualifying *Lawson* v. *United States Mining Co.*, 207 U. S. 1, 9, that in view of the statute, the relief, in case of such lands, should not be made to depend upon shadowy distinctions, according to the

greater or less extent of the trespasses committed. See *Holland* v. *Challen,* 110 U. S. 15. *Simmons Creek Coal Co.* v. *Doran,* 142 U. S. 417, 449. It has been intimated by the Georgia court that relief would be granted, irrespective of possession. *Pierce* v. *Middle Georgia Land & Lumber Co.,* 131 Georgia, 99. *Griffin* v. *Sketoe,* 30 Georgia, 300. See also *Sharon* v. *Tucker,* 144 U. S. 533, 536, 543. The other ground mentioned is that if Ashburn should sue, his deed would not enable him to recover. But in any case proper for relief the deed does not convey a good title. It is enough that the invalidity does not appear upon its face, but rests partly on matter *in pais,* and that possession under it for seven years might give a title by the Georgia Code, § 3589, embodying earlier statutes.

The fact that Crawford during the pendency of the suit had cut the trees on a portion of the land did not destroy the jurisdiction of the court. If that or the other grounds that we have mentioned were the reasons for dismissing the bill as to him, it should be retained and damages assessed. *Milkman* v. *Ordway,* 106 Massachusetts, 232, 253. If different facts from those that we have discussed were found to exist it does not appear.

It is urged that the bill is multifarious. But it charges a conspiracy between the several trespassers, and trespasses extending over the greater part of the four contiguous lots treated as one. The objection of multifariousness is an objection of inconvenience. The defendants did not stand upon their demurrers setting it up. There has been a trial after long delay. In view of the evidence and the fact that the objection did not prevail with the lower courts, we are of opinion that it should not prevail now. While the decree must be reversed, our decision is without prejudice to any finding upon the facts consistent with the rules that we have laid down.

*Decree reversed and case remitted to the Circuit Court for further proceedings.*