## NELSON v. AMERICUS MFG. CO.

(Circuit Court of Appeals, Fifth Circuit. November 5, 1910.)

### No. 2,128.

1. LOGS AND LOGGING (§ 3*)—CONTRACT FOR SALE AND REMOVAL OF STANDING TIMBER—CONSTRUCTION.

A lease of land, giving the lessee the right to cut all the timber on the land suitable for sawmill purposes during the term of 20 years, entitles him to cut, not only the timber suitable at the date of the lease, but all that becomes suitable during the term.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. § 9; Dec. Dig. § 3.*]

2. INJUNCTION (§ 52*)—CUTTING OF TIMBER BY TENANT—INSOLVENCY OF DEFENDANT.

A bill alleging that complainant leased land to defendant, with the right to cut the timber thereon suitable for sawmill purposes, but that defendant is cutting practically all the timber standing on said lands suitable for any purpose and is insolvent, states a cause of action for equitable relief by injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 105; Dec. Dig. § 52.*]

---

Appeal from the Circuit Court of the United States for the Southern District of Georgia.

Suit in equity by Rollin J. Nelson against the Americus Manufacturing Company. Decree for defendant, and complainant appeals. Reversed.

M. P. Callaway and Geo. S. Jones, for appellant.

Du Pont Guerry, E. A. Hawkins, and Alex. Akerman, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. We are of opinion that by the lease the lessees acquired the right to cut all the timber on the lands suitable for sawmill purposes during the 20 years covered by the lease. The lessees are entitled to cut, not only the timber suitable at the date of the lease, but all that becomes suitable during the life of the lease.

If the equity of the bill depended alone upon a different construction of the lease, the ruling of the Circuit Court in sustaining the demurrer would be upheld; but the bill avers the insolvency of the lessees, and alleges that the defendant "is cutting practically all the growth standing on said lands, and actually denuding said lands of all its timber suitable for any purpose." The averments of section 11 of the bill, from which the excerpt quoted is taken, in connection with the averments of insolvency, are sufficient to sustain the equity of the bill, as against the demurrers in the record. Graves v. Ashburn, 215 U. S. 331, 30 Sup. Ct. 108, 54 L. Ed. 217.

The decree sustaining the demurrer and dismissing the bill is reversed, and the cause remanded for further proceedings.