## ROBERTSON, State Revenue Agent, v. HINES et al

(District Court, S. D. Mississippi, S. D.   October 23, 1919.)

**1. Logs and logging ⊂═3 (10)—Size restriction in timber conveyance generally refers to date of conveyance.**

Generally, a provision as to the size of timber conveyed will be held to refer to the size at the date of the conveyance, rather than to some time in the future, in the absence of anything showing a contrary intention.

**2. Logs and logging ⊂═3 (10)—Conveyance held to include timber becoming merchantable during lease for cutting.**

Where a lease of timber lands for 15 years was given, and shortly thereafter the merchantable timber thereon was conveyed to the lessee, with right to cut the timber at any time during the term of the lease, the purchaser can cut timber which becomes merchantable at any time during the lease.

In Equity. Six suits by Stokes V. Robertson, as State Revenue Agent, against Edward Hines, the Wolf River Lumber Company, and others. On motions to strike certain parts of the answers. Motions denied.

F. C. Hathorn, of Hattiesburg, Miss., for plaintiff.

Griffith & Wallace and White & Ford, all of Gulfport, Miss., for defendants.

HOLMES, District Judge. This matter is before the court on the motion of the plaintiff to strike from the answer of the defendant certain parts thereof set up therein as an affirmative defense to the bill of complaint. There are two motions, one in each of the above causes, which are consolidated, and under an agreement of counsel the court is requested to pass upon two questions of law, which it is agreed are presented by the records in both of the above cases, and which questions, it is agreed, also arise in causes Nos. 156, 157, 159, 160, and 161 of the equity docket.

The questions of law presented under this agreement are as follows: First. Did the defendant have a right, as a matter of law, to cut any timber from the sixteenth sections of land involved in these suits? Second. If the defendant had such right, was his right confined to the merchantable timber on the land at the time the deed was executed, or did it extend to the timber that had become merchantable between the date of the deed and the time that the timber was cut? It is also agreed that any documents proper to be used as exhibits to the pleadings of either side may be adduced on this hearing. The defendant was lessee of the sixteenth sections of land for a period of time, to wit, 15 years,

and later became vendee of all the merchantable pine timber on said sections 16, with the right to cut and remove said timber during the life of the lease of said land.

[1, 2] I do not doubt the general rule is that a provision as to the size of timber conveyed will generally be held to refer to the date of the conveyance rather than to some time in the future, in the absence of anything showing a contrary intention; but in this case, under the instruments as drawn, and the facts as I am able to gather them from the record, it seems clear to me that it was the intention of the parties for the lessee and vendee to acquire the right to cut and remove the merchantable pine timber which became such during the life of the lease. I do not see how it is possible to draw a distinction between the case under consideration and the case of Nelson v. Americus Manufacturing Co., 186 Fed. 489, 108 C. C. A. 467. The syllabus to that case, which is supported by the record, says:

"A lease of land, giving the lessee the right to cut all the timber on the land suitable for sawmill purposes during the term of 20 years, entitles him to cut, not only the timber suitable at the date of the lease, but all that becomes suitable during the term."

In the principal case here under consideration there was a lease of the land for 15 years, and shortly after the execution of the lease by separate instrument there was a conveyance of all the merchantable timber on said land, with the right to cut and remove said timber at any time during the life of said lease. I will therefore overrule the motion to strike out certain parts of the answer, and will hold, on the records before me, that:

First. The defendant had a right, as a matter of law, to cut and remove timber from the said sixteenth sections of land.

Second. Such right to cut was not confined to the merchantable timber on the land at the date of the execution of the deed, but the lessee and vendee had the right to cut and remove any timber that became merchantable between the date of the deed and the expiration of the lease.