### PEARL RIVER COUNTY, MISS., v. WYATT LUMBER CO.

### SAME v. EDWARD HINES LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit. January 27, 1921.)

Nos. 3607, 3608.

1. **Removal of causes** ⊂⊃41—**County held party in interest in suit on conveyance of timber on school section to foreign corporation.**

Under Code Miss. 1906, §§ 4695–4716 (Hemingway's Code, §§ 7505–7527), which, as construed by the courts of that state, conferred on counties all the powers of suit regarding the sixteenth sections of land given to the state for school purposes under the Enabling Act, and made said counties the beneficiaries of the funds derived from such conveyances, a suit by a county to construe a conveyance and lease of timber on such sections, executed to a foreign corporation by the county board of supervisors, is a controversy between the county and the lessee, not

between the state and lessee, and the cause is removable to the federal court.

2. Courts ⬅️397(1)—County a "citizen" for jurisdictional purposes.

Counties are corporations, and as such citizens, for purpose of suits based on diverse citizenship in the United States courts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen.]

3. Public lands ⬅️54(1)—Supervisors held not authorized to convey school land timber thereafter becoming merchantable.

Under Hemingway's Code Miss. § 7512, authorizing the board of supervisors to sell the merchantable timber on the sixteenth sections of land, as construed by the Supreme Court of Mississippi, the supervisors are authorized to sell only the timber which is merchantable at the time of the sale, not that which may thereafter become merchantable within the time granted to remove the timber.

4. Logs and logging ⬅️3(10)—Conveyance of timber held not to include that thereafter becoming merchantable.

A conveyance by a county of merchantable timber, with the right to enter within a fixed time to cut and remove, in the absence of any other language, conveys only the timber merchantable at the time of conveyance.

Appeals from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Separate suits by Pearl River County, Miss., against the Wyatt Lumber Company and against the Edward Hines Lumber Company. Decrees for defendants (Robertson v. Hines, 267 Fed. 605), and complainant appeals. Reversed and remanded.

F. C. Hathorn and A. A. Hearst, both of Hattiesburg, Miss., for appellant.

V. A. Griffith and W. L. Wallace, both of Gulfport, Miss., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Each of these suits was brought in the chancery court of Pearl River county, Miss., by Pearl River county, alleging itself to be a political subdivision and corporation of the state of Mississippi, against the respective defendants above named, to construe certain timber deeds made by the board of supervisors of complainant, conveying to said defendants, respectively, the merchantable pine timber standing or growing on section 16 of two townships in said county, with the right as to one of said sections at any time within 25 years after the date of said deed to enter upon said lands for the purpose of removing the said pine timber, which said time was by subsequent deed for a further consideration extended to October 22, 1929, and as to the other section with a right to enter upon said lands for such purpose for the space of 15 years, which said time was for a valuable consideration extended to the 1st day of September, 1932.

The defendant in each suit removed the same to the United States District Court for the Southern District of Mississippi, alleging itself to be a corporation chartered by and a citizen of a state other than Mississippi. No resistance to the removal was offered, and no motion

to remand made in said District Court; but the point has been raised in this court that the complainant is only a nominal party, that the suit is really maintained in behalf of the state of Mississippi, and that the suit does not, therefore, present a controversy between citizens of different states.

The legal title to said sixteenth sections in the several townships was acquired and vested in the state of Mississippi for school purposes under the Enabling Act of the United States admitting the state of Mississippi into the Union (3 Stat. 348, c. 23). The several counties wherein are situated any of such lands have, through their respective boards of supervisors, under the general supervision of the land commissioner, jurisdiction and control thereof, and of all funds arising from any disposition thereof, heretofore or hereafter made, and shall cause all such funds to be paid into their respective county treasuries. The boards of supervisors in said counties are empowered to sell "the merchantable timber of any and all varieties" on such land. The funds arising from such sale shall be credited to the proper township by the county treasurers, the same to be loaned out by the board of supervisors, and the interest arising therefrom to be expended for the support of the township school.

The board of supervisors and a competent person, whom they are directed to employ, are ordered to institute and prosecute in the chancery court of the county where the land lies in the name of the county all necessary suits to establish and confirm the title to each such parcel of such land or to fix the date of the expiration of any lease of the same. Hemingway's Annotated Code of Miss. §§ 7505–7527; Code of Miss. 1906, §§ 4695–4716. These statutes have been held to confer on the counties all powers of suit in regard to such sixteenth sections. Jefferson Davis County v. James-Simrall Lumber Co., 94 Miss. 530, 49 South. 611.

[1] It is manifest from these sections that the counties have a direct interest in the suits and in the results thereof and that in each case the decree would construe deeds made by this complainant through its board of supervisors and directly affect its pecuniary interest. We therefore think that the complainant had such an interest as to authorize it to bring each suit and that it does present a controversy between the county and the defendant.

[2] Counties have been recognized as corporations, and as such citizens, for the purpose of suits based on diverse citizenship in the federal court. Mercer County v. Cowles, 7 Wall. 118, 19 L. Ed. 86; Lincoln County v. Luning, 133 U. S. 529, 531, 10 Sup. Ct. 363, 33 L. Ed. 766. We therefore think the United States District Court had jurisdiction of these cases.

The exhibits in the bills in these cases show the execution of timber deeds to the grantees named therein by the board of supervisors of Pearl River county, through its president, to all the merchantable pine timber standing or growing on the land described in said named townships, with the covenant for entry upon said lands heretofore mentioned.

The bills averred that these deeds conveyed only the right to cut and remove from said land those pine trees which were at the date of said deeds merchantable pine timber, and averred that defendants claim the right to cut and remove, not only such merchantable pine trees, but all of the pine trees on said lands which were not as aforesaid merchantable at the date of said deed; that by merchantable pine trees were meant trees of a certain diameter and with certain other descriptions. While each answer denied any purpose to presently cut any timber upon said lands, or any purpose other than of cutting and removing said merchantable timber, it denied that defendant was confined by its deed only to the cutting of such timber as at the date of said deed fell within the description of merchantable pine trees as stated in said bill of complaint.

By agreement of the parties the case was submitted to the court on two questions of law: First, did the defendant have a right as a matter of law to cut any timber from the sixteenth section of land involved in each suit? Second, if the defendant had such right, was its right confined to the merchantable timber on the land at the time the deed was executed, or did it extend to the timber that had become merchantable between the date of the deed and the time the timber was cut?

The District Court after argument decided: First, that the defendant had the right as a matter of law to cut and remove the timber from said sixteenth section of land; second, that such right was not confined to the merchantable timber on the land at the date of the execution of the deed, but the lessee and vendee had the right to cut and remove any timber that became merchantable between the date of the deed and the expiration of the lease.

The court in each case entered a decree reciting that said case coming on to be heard on the bill of complaint and answer of the defendant and upon the written agreement of the parties complainant and defendant submitting to the court these two preliminary law questions, and being of opinion that the law on both of said points as submitted is with the defendant, which decision and determination goes to the whole of said cause, and entirely determines the controversy thereof in behalf of the defendant, dismissed the bill on the merits, at complainant's cost.

The court in its opinion, recognized the general rule that a provision as to the size of timber conveyed will generally be held to refer to the date of the conveyance rather than to some time in the future in the absence of anything showing a contrary intention, but held that in this case under the instruments as drawn, and the facts as appeared from the record, it was the intention of the parties for the vendee to acquire the right to cut and remove the merchantable pine timber which became so during the lease, holding that the case came within the ruling of this court in Nelson v. Americus Mfg. Co., 186 Fed. 489, 108 C. C. A. 467. Although the answers did not directly claim that the timber deeds executed by said board of supervisors carried the right to cut and remove merchantable timber which became so after their respective dates, the stipulation between the parties clearly

asserted this contention, and the case was decided upon this construction of the timber deeds.

[3] The deeds were made by public officials, whose authority must be drawn from the act of the Legislature authorizing them to make sales of this timber. The board of supervisors is authorized "to sell the merchantable timber of any and all varieties * * * on such land." Hemingway's Annotated Code, § 7512. The rule of construction is that the grant of power to public officials is to be strictly construed, and certainly cannot confer any authority beyond what the usual signification of the terms employed would embrace.

It is clear that this does not confer authority to sell all of the timber on the land. It is confined to "the merchantable timber," and the board of supervisors is restricted to granting a reasonable time in which to remove the same; the grant of indefinite time being unlawful. Dantzler Lumber Co. v. State, 97 Miss. 355, 53 South. 1.

There are no words in the statute indicating a purpose to confer authority to sell what is not embraced in the usual signification of "the merchantable timber." The words used mean timber that was merchantable at the date of the deed. Were this not true, then the board of supervisors would be selling timber which at the time of making the sale was not merchantable, and there would be no reason in holding that they were confined, in a grant of a right to enter and remove, to a reasonable time.

[4] There is nothing in the language of the conveyance made which indicates a purpose to do more than convey timber merchantable at the time of the deeds. The language of each deed is "the merchantable pine timber standing and growing on section 16," etc. The further grant is simply of a right to enter to cut and remove said timber; i. e. timber merchantable at the time. We are of the opinion that, in the absence of any other language in these deeds, they did not convey timber not merchantable at their dates. McRae v. Stillwell, 111 Ga. 65, 36 S. E. 604, 55 L. R. A. 513; Zimmerman v. Wilson, 201 Ala. 70, 77 South. 364; Griffin et al. v. Tully, 91 Ark. 292, 121 S. W. 297, 134 Am. St. Rep. 73; Wilson Lumber Co. v. Alderman & Sons, 80 S. C. 106, 61 S. E. 217, 128 Am. St. Rep. 865; Vandiver v. Byrd-Matthews Lumber Co., 146 Ga. 113, 90 S. E. 960; Whitfield et al. v. Rowland, 152 N. C. 211, 67 S. E. 512; Hicks et al. v. Phillips et al., 148 Ky. 670, 147 S. W. 42.

The deeds in this case are unlike the lease construed in Nelson v. Americus Mfg. Co., 186 Fed. 489, 108 C. C. A. 467. The report of this case does not give the language of the lease, but the opinion clearly is confined to the construction by the court of that particular lease. An examination of the lease in the records of this court shows that it was a lease of—

"all the timber upon the following described tracts of land for sawmill and turpentine purposes, * * * to have and to hold, cut, work, and otherwise use said timber for sawmill and turpentine purposes as aforesaid, unto the said parties of the second part, their heirs and assigns. And it is hereby expressly covenanted and agreed that the said parties of the second part, their heirs and assigns, may commence working or otherwise using the timber for sawmill and turpentine purposes as aforesaid or any portion thereof at any

time they may desire, and shall have the right to continue to cut, work, or use the said timber and every portion thereof for sawmill and turpentine purposes as aforesaid until the said timber and each and every part thereof suitable for sawmill and turpentine purposes as aforesaid has been cut, worked, and otherwise used for the said purposes stated: Provided, however, that the right of said parties of the second part, their heirs and assigns, so to cut, work, or otherwise use the timber and every portion thereof for sawmill purposes as aforesaid, shall cease and terminate upon the expiration of a period of twenty years from this date."

The language of this deed, especially that portion thereof which granted the right to continue to cut, work, or use said timber, and every portion thereof, until all parts thereof suitable for sawmill and turpentine purposes had been used, indicates a right to grant more than what would be conveyed by the words "all the merchantable timber standing and growing" on a certain lot. We do not think, therefore, that the present case is controlled by the decision in Nelson v. Americus Mfg. Co., 186 Fed. 489, 108 C. C. A. 467.

It cannot be assumed that the court intended to establish a rule of construction that a timber deed conveying "the merchantable timber standing and growing" on a tract of land would, as a general thing, convey timber not merchantable at the date of the conveyance, in view of the general rule to the contrary. That this lease was construed according to its particular language is further evident from the fact that, at the time, the decisions in the state of Georgia, where the timber was situated, construing timber leases, had clearly established the general rule that a timber lease covering all the merchantable timber on the land, extending for a period of years, only conveyed the timber merchantable at the date of the lease. Goette v. Lane, 111 Ga. 400, 36 S. E. 758; McRae v. Stillwell, 111 Ga. 65, 36 S. E. 604, 55 L. R. A. 513.

The decree of the court below in each case is reversed. As each case was decided upon the two preliminary questions of law above stated, and as the facts may be different upon its further progress, said cases are remanded for further proceedings in conformity with this opinion.

Reversed and remanded.