**UNITED STATES v. CLARK, and three other cases.**

(District Court, D. Montana. March 30, 1927.)

Nos. 532, 547, 548, 552.

1. **Searches and seizures** ⚖3(6, 8)—**Affiant's belief defendant possessed smuggled "merchandise" held insufficient for federal search either as to probable cause or description (Tariff Act 1922, §§ 593, 597 [Comp. St. §§ 5841h12, 5841h13, 5841h17]; Const. Amend. 4).**

Affidavits of customs officer reciting that affiant "has cause to suspect, and does believe, that certain merchandise, to wit, smuggled merchandise from Canada," on which duties had not been paid, and "merchandise smuggled in violation of sections 593 and 597 of the Tariff Act of 1922," was on defendant's premises, *held* insufficient, under Const. Amend. 4, to afford basis for federal search and seizure, either as to probable cause or description of property; "merchandise," under Tariff Act 1922, § 401 (Comp. St. § 5841d), meaning goods, wares, and chattels of every description, including merchandise, the importation of which is prohibited.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

2. **Searches and seizures** ⚖7(1)—**Peace officers should be encouraged, but evidence of crime must be lawfully obtained (Const. Amend. 4).**

Efforts of peace officers to perform their duties of bringing law breakers to justice is commendable, and should be encouraged, but evidence against persons charged with crime must be obtained by lawful means on compliance with statute read in connection with Const. Amend. 4.

3. **Searches and seizures** ⚖7(7)—**Congress cannot create exception to constitutional prohibition against unreasonable searches by permitting search warrant on mere sworn statement of belief (Const. Amend. 4; Tariff Act 1922, § 595 [Comp. St. § 5841h15]).**

Congress cannot, by legislation, provide a single exception to Const. Amend. 4, prohibiting unreasonable searches and seizures, and Tariff Act 1922, § 595 (Comp. St. § 5841h15), could not therefore validly permit search warrant to be issued on mere sworn statement of customs officer that he believes revenue laws are being violated, even if Congress so intended.

Separate criminal proceedings by the United States against Carol Clark, against H. G. Syster and another, against Martin Smith, and against Ellis Wilson. On motions of defendants to quash search warrants. Motions granted.

Wellington D. Rankin, U. S. Atty., of Helena, Mont.

John L. Slattery and W. J. Tighe, both of Great Falls, Mont., for defendants.

PRAY, District Judge. [1] The petitioners assert that the affidavits for search warrants in all of the foregoing cases were defective, for the reason that no probable cause was shown therein for their issuance, and that the property sought under the search warrants was not particularly described. The affidavits in three of the above cases, 532, 548, and 552, are as follows:

"Before me, Wilmer Jeanette, a United States commissioner for the District of Montana, personally appeared Charles L. Sheridan, who, being by me first sworn and orally examined, deposes and says that he is a duly appointed and qualified officer of the customs, to wit, collector of customs, Thirty-Third District, authorized to make searches and seizures under the customs laws, and that he has cause to suspect and does believe that certain merchandise, to wit, smuggled merchandise from Canada, a more particular description of which cannot now be given, upon which the duties have not been paid, or which has otherwise been brought into the United States contrary to law, and that he verily believes said merchandise to be now contained within the premises of Carol Clark, said premises being described as frame dwelling, situate at lot 20, block 5, in the town of Shelby, Toole county, Mont."

And in the search warrant issued by the commissioner the following appears: "Whereas said Charles L. Sheridan has stated under his oath that he has cause to sus-

pect and does believe that certain merchandise, to wit, smuggled merchandise from Canada, a more particular description of which cannot now be given, upon which the duties have not been paid. * * * " The affidavit and warrant in case No. 547 are substantially the same, except that the merchandise is described as: "Merchandise smuggled in violation of sections 593 and 597 of the Tariff Act of 1922." The premises searched by the customs officers are all situated in Shelby and about 40 miles south of the international boundary line. In my opinion, the affidavits for search warrants do not conform to the requirements of the Fourth Amendment to the Constitution either as to probable cause or in respect to the property to be seized. The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In Byars v. United States, 47 S. Ct. 248, 71 L. Ed. ——, Mr. Justice Sutherland said: "The information upon which the search warrant was issued states only that affiant 'has good reason to believe and does believe the defendant has in his possession' such intoxicating liquors, instruments and materials. The warrant clearly is bad if tested by the Fourth Amendment and the laws of the United States. Chapter 30, title 11, §§ 3-6, 59 Stat. 217, 228, 229 (Comp. St. §§ 10496¼c-10496¼f); chapter 85, title 2, § 2, 41 Stat. 305, 308 (Comp. St. § 10138½a). See Ripper v. United States (C. C. A.) 178 F. 24, 26; United States v. Borkowski (D. C.) 268 F. 408, 410, 411; United States v. Kelly (D. C.) 277 F. 485, 486–489. * * * Nor is it material that the search was successful in revealing evidence of a violation of a federal statute. A search prosecuted in violation of the Constitution is not made lawful by what it brings to light; and the doctrine has never been recognized by this court, nor can it be tolerated under our constitutional system, that evidences of crime discovered by a federal officer in making a search without lawful warrant may be used against the victim of the unlawful search where a timely challenge has been interposed. Weeks v. United States, 232 U. S. 383, 393, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Gouled v. United States, 255 U. S. 298, 306, 41 S. Ct. 261, 65 L. Ed. 647; Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 391, 40 S. Ct. 182, 64 L. Ed. 319; Agnello v. United States, 269 U. S. 20, 33, 46 S. Ct. 4, 70 L. Ed.

145. * * * The Fourth Amendment was adopted in view of long misuse of power in the matter of searches and seizures both in England and the Colonies; and the assurance against any revival of it, so carefully embodied in the fundamental law, is not to be impaired by judicial sanction of equivocal methods, which, regarded superficially, may seem to escape the challenge of illegality but which, in reality, strike at the substance of the constitutional right."

In Schencks v. United States, 55 App. D. C. 84, 2 F.(2d) 185, the defendant was convicted of selling narcotics, and of selling narcotics in other than original stamped packages, upon evidence obtained under an illegal search warrant. Two federal narcotic inspectors separately deposed before a United States commissioner that a third person had told them that he had purchased cocaine from defendant. Neither of the affidavits stated that the money paid for the cocaine was marked. The informer made no affidavit, and gave no testimony before the commissioner concerning the purchase of cocaine by him from defendant, as set forth in the affidavits of the officers. The court held: "If the peace officer has reason to believe and does believe that a search or seizure ought to be made, he should state in his affidavit the facts which led him to that conclusion, and which were known to him of his own knowledge. If he has no first-hand information as to the material facts, but had been informed by another as to facts or conditions which would justify the issuance of process for search or seizure, the officer should secure the informer's affidavit positively alleging of the latter's own knowledge the existence of such facts or conditions. In the event that the informer is unwilling to make such an affidavit, he should be subpœnaed to appear before the judge or commissioner to give testimony as to the truth of the statements made by him to the officer."

In Wagner v. United States, 8 F.(2d) 581, 584 (C. C. A. 8), the affidavit failed to show probable cause under section 3462, R. S. (Comp. St. § 6364), being little more than the mere conclusion of the officers making it, and the following is a pertinent quotation from the opinion: "The broad claim made by defendant in error is that the provision of the Fourth Amendment that 'no warrant shall issue, but upon probable cause, supported by oath,' has no application to search warrants issued to internal revenue officers. We do not think this contention can be sustained. In our opinion the internal revenue statutes, as well as the National Prohibition Act [Comp. St. § 10138¼ et seq.] are subject to the Fourth

Amendment, and are to be so construed as not to conflict therewith."

I have already stated that the affidavits are defective in respect to description of the property to be seized. "Smuggled merchandise from Canada," and "merchandise smuggled in violation of sections 593 and 597 of the Tariff Act of 1922," could not be accepted as a particular description of the things to be seized. Merchandise, under the amended definition of the Tariff Act of Sept. 21, 1922 (Comp. St. § 5841d), means goods, wares, and chattels of every description, and includes merchandise, the importation of which is prohibited. In reading the affidavits and warrants it is not possible to find the slightest allusion to the kind of merchandise the officers had in mind. Woods v. United States (C. C. A.) 279 F. 706, 709, 710.

Aside from the cases heretofore cited and relied upon, there are many others supporting the views herein expressed, and the following authorities are referred to: U. S. v. Harnich (D. C.) 289 F. 256; U. S. v. Keleher, 55 App. D. C. 132, 2 F.(2d) 934; Woods v. U. S. (C. C. A.) 279 F. 706; U. S. v. Pitotto (D. C.) 267 F. 605; U. S. v. Boasberg (D. C.) 283 F. 305; Perry v. U. S. (C. C. A.) 14 F.(2d) 88; Giles v. U. S. (C. C. A.) 284 F. 208; In re Bollman, 4 Cranch, 75, 2 L. Ed. 554; State v. Peterson, 27 Wyo. 185, 194 P. 342, 13 A. L. R. 1284.

[2, 3] It may be said in conclusion that peace officers are usually zealous in the performance of their duties and desirous of bringing lawbreakers to justice, and that such endeavors are commendable, and should be encouraged, but that evidence against persons charged with crime must be obtained by lawful means, and, when sought by search and seizure, upon compliance with the particular statute and read in connection with the constitutional amendment, which must control whenever the statute does not embrace all of the essential constitutional requirements. The affidavits upon which the search warrants were issued, it was argued by counsel for the government, conform in every respect to the requirements of section 595 of the Tariff Act of 1922 (Comp. St. § 5841h15), and should be held valid for the reasons found in United States v. Moore (D. C.) 4 F.(2d) 600. Judge Kerrigan was called upon to decide this very question in United States v. Lai Chew (D. C.) 298 F. 652, wherein he said: "This section provides in substance that, if a customs agent shall have cause to suspect the presence in any dwelling or other building of any merchandise on which the customs have not been paid, or which have been brought into the United States contrary to law, he may make application under oath to a commissioner or judge, and shall be entitled to a warrant to enter the building. It does seem as though the language of this section permits a warrant to be issued upon the mere sworn statement of the officer that he believes that the revenue laws are being violated. But I do not think that Congress intended to so provide, and in any event, in view of the propositions above laid down, such a provision would be plainly unconstitutional, as it would not conform to the mandate of the Fourth Amendment."

The reasoning in the Moore Case creates a statutory exception to the Fourth Amendment with which I do not agree. Congress by legislation has not the power to provide a single exception to the Fourth Amendment, and I do not believe it ever had any intention of doing so. Even during the exigencies of a great war, when it became necessary to pass an espionage act, every safeguard was provided for the protection of the constitutional rights of citizens, and it does not seem probable that any backward step will be taken at this time to permit the search of a private dwelling upon the mere suspicion that it may contain articles used in violation of the Volstead Law, the internal revenue or customs laws.

Consequently, the motion of the petitioner is granted in each case.