JONES et al. v. BOX ELDER COUNTY et al.

No. 392.

Circuit Court of Appeals, Tenth Circuit.

July 13, 1931.

On Motion to Correct Judgment Oct. 2, 1931.

Ricy H. Jones, of Salt Lake City, Utah, for appellants.

Lewis Jones, of Brigham, Utah (W. E. Davis, of Brigham, Utah, on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

Ricy W. Jones and Carl W. Jones brought this suit against Box Elder county, Utah, and its county commissioners. They alleged in their complaint they were citizens of New York, the owners and in possession of certain real estate in Brigham City, Utah; the defendants make an adverse claim thereto by way of an interest, lien or estate, but without right, and the subject-matter in dispute was of the value of more than $10,000. The prayer was that the defendants be required to set out their claim, that it be annulled, assertion of it be enjoined, and plaintiffs' title confirmed.

On defendants' motion, new parties were added as defendants to a counterclaim proposed by answer. The answer was filed, setting up tax liens against the property for the unpaid taxes of the several years from 1913 to 1928, for which defendants prayed a foreclosure and sale of the property. By a reply, the plaintiffs objected to the answer as multifarious, challenged the jurisdiction of the court to entertain it, set up the statute of limitations, and assailed the validity of the taxes.

After a trial and submission of the cause, the court decided that the plaintiffs must pay the taxes in a reasonable time as a condition to a decree quieting their title, and, in case of failure to pay them, the county was entitled to foreclose its lien. A future hearing was appointed for entry of the decree.

The plaintiffs filed a special plea "to jurisdiction and motion to dismiss the counterclaim," which were denied. A decree of foreclosure followed, which, after reciting the prior hearing and decision, and the disclaimer of the interpleaded defendants, ordered a dismissal of the complaint and the counterclaim as to the latter, decreed the taxes with interest, penalties, and costs were a first and valid lien on the property, and directed, in case of nonpayment for 60 days, a sale be made of the property by the marshal to satisfy the lien, subject to confirmation by the court.

There was a petition for rehearing, and formal objections to the decree. Both were heard and overruled. The plaintiffs and interpleaded defendants join in an appeal. Many errors are assigned, most of which are obviously unsound.

For example, it is urged the additional defendants were erroneously brought into the case and their presence defeated the jurisdiction of the court to consider the answer for want of diverse citizenship between them and the original defendants. But equity rule 37 (28 USCA § 723) expressly authorizes the joinder of new parties, in order to effect a complete disposition of a cause. The new defendants filed a disclaimer, and both the complaint and counterclaim were dismissed against them. They were nominal parties, but only indispensable parties are considered in determining jurisdiction. Boatmen's Bank v. Fritzlen (C. C. A.) 135 F. 650; Waterman v. Canal-Louisiana Bank & Tr. Co., 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80.

Appellants insist that this suit was one at law between them as owners of the property and the defendants as holders of tax deeds presumably issued as provided by law, and there was error in refusing the motion to transfer the cause to the law docket of the court. The pleadings contain no such averments. The answer alleges that tax deeds were not issued on account of prior litigation, and the reply makes no denial of the fact. Plainly, the suit is one in equity to remove the cloud of tax liens from plaintiffs' title. Twist v. Prairie Oil & Gas Co., 274 U. S. 684,

342

692, 47 S. Ct. 755, 71 L. Ed. 1297; Pomeroy, Eq. Juris. (4th Ed.) vol. 4, par. 1399. The answer conforms to equity rule 30 (28 USCA § 723) in seeking the enforcement of liens which arose "out of the transaction which is the subject-matter of the suit," and by way of a counterclaim against the plaintiff which might have been "the subject of an independent suit in equity, set up with the same effect as a cross suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross claims." American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306. The issues were purely equitable; and a transfer of the cause was clearly not justified.

The counterclaim is attacked as not presenting a controversy within the jurisdiction of the court, particularly because the separate items of taxes are less than the requisite amount. But the complaint sufficiently sets out the jurisdictional facts. The value of the real estate involved is the test of jurisdiction. The true rule is thus stated in Smith v. Adams, 130 U. S. 167, 9 S. Ct. 566, 569, 32 L. Ed. 895: "A suit to quiet the title to parcels of real property, or to remove a cloud therefrom, by which their use and enjoyment by the owner are impaired, is brought within the cognizance of the court, under the statute, only by the value of the property affected." The District Court therefore had jurisdiction to enter upon and determine the controversy, regardless of the taxes in question. But, even on plaintiffs' theory that the taxes form the real issue in the suit, the aggregate of them exceeds the jurisdictional amount, and, as the parties on each side are concerned in all, would control for purposes of jurisdiction. Commercial National Bank v. Catron, 50 F.(2d) 1023.

The county is said not to be entitled to a judicial foreclosure in this case because the enforcement of tax liens is only an administrative proceeding, and foreclosure is allowed only in the state courts. But the controversy here does not involve the function of assessment and levy, which is administrative in character. Ex parte State of Oklahoma (C. C. A.) 37 F.(2d) 862. It relates to the validity of the taxes, which is always a subject of judicial inquiry. If confirmation were needed, it is furnished by the statutory provision for a trial and foreclosure, as in case of mortgages. Session Laws Utah 1927, c. 74, p. 125. On plaintiffs' contention, the defendants must be remitted to a suit in the state court for the purpose. In other words, the plaintiffs may have their action in the federal court to cancel the tax liens, but defendants may not in that forum have a right to defend or enforce them. The inconsistency is most apparent. We think the validity of the taxes was properly adjudicated, and a means of realizing them was authorized in this suit as the state law is not procedural merely, but within its limitation confers a substantial right upon the defendants in giving the tax liens the status of mortgage liens which was enforceable in a federal court of equity, in conformity with the appropriate pleadings and practice in that court. Henrietta Mills v. Rutherford County, 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737.

The objection that the answer is multifarious is not well taken. That objection is defined by the Supreme Court as one of inconvenience. Graves v. Ashburn, 215 U. S. 331, 30 S. Ct. 108, 54 L. Ed. 217. It affords no sufficient ground for reversal where a case has been tried and determined, without prejudice to the rights of any of the parties. With regard to the bar of limitation, it is asserted in the reply that the Utah law controls in requiring an action for a statutory liability to be brought in one year. It certainly does not apply, especially in view of the statute, which defers the right of foreclosure for four years after the taxes are delinquent. Sess. Laws 1927, c. 74, p. 125. But, as this defense appears to have been abandoned, we give it no further consideration.

On the merits, the only objection to the taxes worthy of notice is that they were not assessed to the owners. Section 5876, Comp. Laws Utah 1917, provides for the assessment of the property to the person by whom it is owned or claimed or to the person in possession or control of it. But there is no such absolute requirement, as the next sentence provides, "No mistake in the name of the owner or supposed owner of property renders the assessment thereof invalid." And section 5997, same statute, declares that "every tax upon real property is a lien against the property assessed. * * *" We find no reason to hold that taxes in question are invalid.

The appellants have, however, pointed out an error in the decree. It was rendered on March 18, 1930, and directed a sale of the property for the taxes accruing from 1913 to 1928, inclusive. But, as already stated, foreclosure is authorized only for taxes which remain delinquent for a period of four years. The taxes for the years 1926, 1927, and 1928

should have been excluded. The sale nevertheless is proper to realize the taxes, interest, penalties, and costs for the previous years. We find it necessary to remand the case and direct that the decree be modified so as to provide for the foreclosure and sale of the property for the taxes of those years, without prejudice to a future suit and foreclosure as provided by statute for the taxes, with interest, penalties, and costs, for the remaining years. In all other respects the decree is sustained, including the adjudication that all the taxes involved in the suit are valid liens on the property involved. As thus modified, the decree of the District Court is affirmed.

### On Motion to Correct Judgment.

The petition for rehearing in this case was found to be without merit and therefore overruled. But a motion to correct the final decree of this court is well taken. The decree of the District Court was modified so as to direct a foreclosure of the taxes involved, for the years 1913 to 1925, inclusive. But the state law allows foreclosure only after the taxes are delinquent four years, and we find those assessed for 1925 were not so delinquent for that period, either when the suit was brought or the decree of the District Court was entered, and foreclosure therefor is not authorized in this suit. The decree of this court will therefore be vacated and another entered to the effect that the decree of the District Court be modified so as to provide for the foreclosure of the tax liens with interest, penalties, and costs for the years 1913 to 1924, inclusive, without prejudice to a future suit as provided by state law, for the taxes, interest, penalties, and costs assessed for the years 1925, 1926, 1927, and 1928. In all other respects the decree of this court is sustained, including the adjudication that all the taxes in question in this suit are valid liens on the property involved, and the decree of the District Court as thus modified is affirmed.